**STATE of Maine**

**v.**

**ROYAL RIVER PACKING COMPANY.**

Supreme Judicial Court of Maine.

Jan. 27, 1971.

James S. Erwin, Atty. Gen., John M. R. Paterson, Asst. Atty. Gen., Augusta, for plaintiff.

A. Alan Grossman, Barry M. Faber, Rockland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and WERNICK, JJ.

PER CURIAM:

The State of Maine, acting pursuant to 15 M.R.S.A. 2115–A, has appealed from what the parties assume to be an Order of the District Court, District No. 8, Division of Eastern Cumberland, dismissing a criminal complaint before trial.

The Attorney General has given his written consent to such appeal.

The "Order" which is the occasion for this appeal reads as follows:

"Found FOLLOWING. Pre Trial. the evidence is such that it warrants no further prosecution. Question of license has been pending before the Environmental Comm for months."

The record in the case consists of a copy of the complaint together with various notations which appear on the back of the complaint, approval for taking of appeal signed by the Attorney General, the notice of appeal and the designation of the contents of the record.

What purport to be docket entries are actually notes appearing on the back of the complaint. They are four in number and read as follows:

"5/7/70—'Law' Pending Sureties

5/12/70 Notice of Appeal to the Law Court Approval for taking appeal

6/25/70 Designation of Contents of record on appeal

6/25/70 Sent to Law Court."

In addition there appears on the back of the complaint a notation "date of hearing 5/5/70." Beside the notation "Plea" there is the legend "No Plea."

There is nothing in the language of what the parties have treated as an Order making it clear the case is dismissed. In one place the proceeding is described as a hearing and in another place as a pretrial.

The "Order" speaks of "the evidence," yet it is not clear from the record that any evidence was ever offered or received. If evidence was presented, we are at a loss to know what it was.

Absent any record clearly demonstrating what action, if any, the District Court Judge took and what, if any, basis he had for the action taken, whatever it was we are unable to review the proceeding to determine whether or not error is to be found.

We have no alternative but to remand the case to the District Court.

The entry must be,

Case remanded to the District Court for further proceedings.

Pursuant to 15 M.R.S.A. 2115–A 4, counsel fees are allowed to the appellee in the

sum of five hundred dollars ($500.00) and his costs.

MARDEN, J., sat at argument but retired before decision.